UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| DAVID LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2:12-cv-01456-JCM-VCF |
| v. | ) | |
| | ) | **ORDER AND** |
| | ) | **REPORT & RECOMMENDATION** |
| PRINTPLACE.COM, LLC, | ) | |
| | ) | (Motion/Application to Proceed *In* |
| Defendant. | ) | *Forma Pauperis* #1) |
| | ) | |

Before the court are plaintiff David Lee's Motion/Application to Proceed *In Forma Pauperis* (#1) and Complaint (#1-1). The court held a hearing on August 18, 2012. (#4). Plaintiff failed to appear. *Id.*

**I.    *In Forma Pauperis* Application**

In plaintiff's application, he asserts that he has no take-home wages, $300 in his bank account, and owes an unspecified amount in student loans. (#1). Although plaintiff asserts that he has no monthly expenses, his only source of income is "gifts of no more than $500 per month." *Id.* Accordingly, plaintiff's request to proceed *in forma pauperis* is granted pursuant to § 1915(a).

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss an action if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim

to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

Upon review of the complaint, plaintiff does not assert or establish jurisdiction pursuant to 28 U.S.C. § 1331 or § 1332. In addition, even if the jurisdictional requirements were met, plaintiff's claim for fraud is not stated with particularity in accordance with Federal Rule of Civil Procedure 9(b).

As the court may not have jurisdiction over this action under 28 U.S.C. § 1331 or § 1332, plaintiff's complaint (#1-1) should be dismissed *without prejudice*. Plaintiff should, however, be given an opportunity to amend his complaint. *See Cato*, 70 F.3d at 1106. In addition to curing the deficiencies listed above, the amended complaint must be filed on the civil rights template provided by this court's website[1].

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff David Lee's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion

---

[1] Plaintiff may visit this court's website at www.nvd.uscourts.gov and click on "Pro Se Assistance Packet" for the court's instructions on how to properly file a *pro se* complaint. Plaintiff may also seek help at the Federal Court "Ask A Lawyer Program" session on October 24, 2012, at 2:00 p.m, or at the Civil Law Self-Help Center located at 200 E. Lewis Avenue and online at http://www.clarkcountycourts.us/self-help.html.

without necessity of prepayment of any additional fees, costs, or security.  This Order granting *in forma pauperis* status will not extend to the issuance of subpoenas at government expense.

## **RECOMMENDATION**

IT IS HEREBY RECOMMENDED that the Clerk of Court be ordered to file the complaint (#1-1).

IT IS FURTHER RECOMMENDED that the complaint (#1-1) be dismissed *without prejudice*.

IT IS FURTHER RECOMMENDED that plaintiff, if he chooses to do so, may file an amended complaint not later than 30 days from the date he receives this order, or the action will be dismissed *with prejudice*.  Plaintiff is advised that under Local Rule LR 15-1 any amended complaint filed must be complete in itself without reference to prior filings.  Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

DATED this 26th day of September, 2012.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**